## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS RODRIGUEZ-BURGOS, | No. 4:25-CV-00695 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| THOMAS MCGINLEY, | |
| Respondent. | |

## MEMORANDUM OPINION

### NOVEMBER 7, 2025

Petitioner Carlos Rodriguez-Burgos initiated this action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He asserts an as-applied challenge to one of his 2022 state convictions under the Second Amendment to the United States Constitution. Rodriguez-Burgos, however, failed to properly exhaust this habeas claim in state court and it is procedurally defaulted. He has not established cause and prejudice to excuse this default, so the Court will dismiss his Section 2254 petition.

## I.    BACKGROUND AND PROCEDURAL HISTORY

In January 2022, Rodriguez-Burgos pled guilty to possession of a controlled substance with intent to deliver (PWID), 35 PA. STAT. AND CONS. STAT. § 780-113(a)(30), and persons not to possess firearms, 18 PA. CONS. STAT. § 6105(a)(1).[1]

---

[1]    *See Commonwealth v. Burgos*, No. 1220 MDA 2023, 2024 WL 1134056, at *1 (Pa. Super. Ct. Mar. 15, 2024) (nonprecedential); Doc. 1 at 1.

In April 2022, he was sentenced to an aggregate term of ten and a half to twenty-one years' incarceration.[2]  He did not appeal.[3]

In January 2023, Rodriguez-Burgos filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act (PCRA).[4]  PCRA counsel was appointed but subsequently moved to withdraw by filing a *Turner*/*Finley*[5] "no merit" letter.[6]  The PCRA court granted counsel's motion to withdraw and ultimately denied Rodriguez-Burgos's PCRA petition without a hearing.[7]

Rodriguez-Burgos appealed, raising three issues: (1) the trial court erred when it made an additional factual finding that the controlled substance he possessed with intent to deliver was fentanyl, thereby increasing the offense gravity score and allegedly violating *Alleyne v. United States*, 570 U.S. 99 (2013); (2) the trial court erred by finding facts outside the scope of the written plea bargain and the understanding of the bargain by the signatory parties; and (3) trial counsel was constitutionally ineffective for not objecting and allowing the trial court to "enter facts (Fentanyl)," which elevated Rodriguez-Burgos's sentencing range.[8]

---

[2]    *Id.*
[3]    *Id.*
[4]    42 PA. CONS. STAT. § 9541 *et seq.*
[5]    *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988) (*en banc*).
[6]    *See Burgos*, No. 1220 MDA 2023, 2024 WL 1134056, at *1.
[7]    *See id.*
[8]    *See id.*

As the Superior Court aptly summarized: "All of [Rodriguez-Burgos]'s claims are centered on his argument that the trial court imposed an illegal sentence for PWID by . . . engaging in impermissible factfinding beyond the basis for [his] plea agreement to find [he] possessed *fentanyl* with intent to deliver."[9]  The panel flatly rejected Rodriguez-Burgos's arguments, including his claim based on *Alleyne*, and affirmed the PCRA court's denial of post-conviction relief.[10] Rodriguez-Burgos filed a petition for allowance of appeal, which the Supreme Court of Pennsylvania denied on December 20, 2024.[11]

On February 3, 2025, Rodriguez-Burgos filed a second PCRA petition.[12]  In that petition, he claimed that his prior attorney was ineffective for permitting him to plead guilty to 18 PA. CONS. STAT. § 6105(a)(1) (person not to possess), as that statute is allegedly unconstitutional as applied to him.[13]  However, on April 1, 2025, the PCRA court dismissed his second petition as jurisdictionally barred by the PCRA's statute of limitations.[14]  It does not appear that Rodriguez-Burgos appealed that dismissal to the Superior Court.

---

[9]  *Id.* (emphasis in original).
[10]  *Id.*, at *2.
[11]  *See Commonwealth v. Burgos*, No. 331 MAL 2024, 331 A.3d 518 (Pa. Dec. 20, 2024) (table).
[12]  *See* Doc. 8-2 at 23-29.
[13]  *See id.*
[14]  *See id.* at 30-35.

Instead, Rodriguez-Burgos filed the instant Section 2254 petition in this Court on April 14, 2025.[15]  In his petition, he asserts that his conviction under 18 PA. CONS. STAT. § 6105(a)(1) violates the Second Amendment to the United States Constitution.[16]  Because this claim has never been properly exhausted in state court and is procedurally defaulted, and because Rodriguez-Burgos cannot establish cause and prejudice to excuse the default, the Court must dismiss his Section 2254 petition.

## II.    STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[17] mandates that petitioners demonstrate that they have "exhausted the remedies available in the courts of the State" before seeking federal habeas relief.[18]  An exhausted claim is one that has been "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process," and which has been adjudicated on the merits.[19]

If a state prisoner has not fairly presented a claim to the state courts "but state law clearly forecloses review, exhaustion is excused, but the doctrine of

---

[15] *See generally* Doc. 1; *see id.* at 14 (averring that his Section 2254 petition was placed in prison mailing system on April 14, 2025).

[16] *See id.* at 5.

[17] 28 U.S.C. §§ 2241-2254.

[18] *Id.* § 2254(b)(1)(A).

[19] *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *see also Johnson v. Williams*, 568 U.S. 289, 302 (2013).

procedural default may come into play."[20]  Generally, if a prisoner has procedurally defaulted on a claim by failing to raise it in state-court proceedings, a federal habeas court will not review the merits of the claim, even one that implicates constitutional concerns.[21]

A few limited exceptions to this rule exist.  One exception is that "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law."[22]  "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule."[23]  To establish prejudice, a petitioner must show not merely that there were errors that created a possibility of prejudice, but that they "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[24]  If cause and prejudice are established, the federal court reviews the claim *de novo* "because the state court did not consider the claim on the merits."[25]

---

[20]  *Carpenter*, 296 F.3d at 146 (citations omitted).

[21]  *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 747-48 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 84-85 (1977)).

[22]  *Id.* at 10 (citing *Coleman*, 501 U.S. at 750).

[23]  *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (alterations in original) (citations and internal quotation marks omitted).

[24]  *Holland v. Horn*, 519 F.3d 107, 112 (3d Cir. 2008) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

[25]  *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 236 (3d Cir. 2017), *cert. denied sub nom. Gilmore v. Bey*, 138 S. Ct. 740 (2018) (mem.) (citation omitted).

Another rare exception that will excuse a procedural default is if the petitioner can show that "failure to consider the claim will result in a fundamental 'miscarriage of justice.'"[26]  To satisfy the "fundamental miscarriage of justice" exception, a petitioner typically will have to show actual innocence.[27]

## III.  DISCUSSION

As noted above, Rodriguez-Burgos's Section 2254 petition asserts a single, as-applied challenge under the Second Amendment to his conviction under 18 PA. CONS. STAT. § 6105(a)(1).  He contends that the Supreme Court of the United States' decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), and the United States Court of Appeals for the Third Circuit's decision in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023), *vacated by Garland v. Range*, 144 S. Ct. 2706 (2024) (mem.), dictate that his state conviction for person not to possess must be overturned.

Rodriguez-Burgos, however, has procedurally defaulted this claim.  As the PCRA court noted, his convictions and sentence became final on June 22, 2022, thirty days after the trial court denied his post-sentence motions and when the time for him to file a direct appeal expired.[28]  He thus had one year—or until June 22, 2023—to raise all available post-conviction claims in a PCRA petition.[29]  He did

---

[26]  *Carpenter*, 296 F.3d at 146 (quoting *Coleman*, 501 U.S. at 750).
[27]  *Leyva v. Williams*, 504 F.3d 357, 366 (3d Cir. 2007) (citation omitted).
[28]  *See* Doc. 8-2 at 33.
[29]  *See id.*; 42 PA. CONS. STAT. § 9545(b)(1).

not raise his as-applied Second Amendment challenge until February 6, 2025, more than nineteen months too late.[30]  He further failed to plead or establish that one of the three statutory exceptions to Pennsylvania's one-year PCRA statute of limitations applied.[31]  The PCRA court thus concluded that it lacked jurisdiction to consider Rodriguez-Burgos's second PCRA petition and dismissed it.[32]

This statute-of-limitations dismissal was based on Rodriguez-Burgos's failure to abide by a state procedural rule that is both (1) a nonfederal ground adequate to support the judgment and (2) firmly established and consistently followed.[33]  This Court, therefore, is precluded from reviewing the merits of his Second Amendment claim unless he can establish cause and prejudice to excuse that default.[34]

Rodriguez-Burgos does not address cause and prejudice.  He appears to rely on Supreme Court and Third Circuit case law to attempt to garner federal habeas review.  But as Respondent aptly notes, both *Bruen* and *Range* were available to Rodriguez-Burgos before his PCRA statute of limitations expired.  Accordingly, his attempt to rely on these cases—presumably to contend that his second PCRA petition should not have been dismissed as untimely—is entirely unavailing.

---

[30]  *See* Doc. 8-2 at 33.

[31]  *See* 42 PA. CONS. STAT. § 9545(b)(1)(i)-(iii).

[32]  *See* Doc. 8-2 at 33.

[33]  *See Martinez v. Ryan*, 566 U.S. 1, 9 (2012); *Bronshtein v. Horn*, 404 F.3d 700, 708 (3d Cir. 2005) (explaining that PCRA's one-year jurisdictional time bar was firmly established in Pennsylvania at least as early as March 2, 1999).

[34]  *See Martinez*, 566 U.S. at 10.

Rodgriguez-Burgos also maintains that he "fairly presented" his Second Amendment claim by filing a petition for allowance of appeal in the Pennsylvania Supreme Court in June 2024, in which he argued that "a loaded gun versus an unloaded gun found by the sentencing court[] enhanced the guideline range . . . and thereby raised the sentencing floor."[35]

There are two fundamental flaws with this contention. First, and most obviously, the argument that Rodriguez-Burgos claims that he made in his June 2024 petition for allowance of appeal is entirely distinct from the Second Amendment as-applied challenge asserted in his second PCRA petition and his Section 2254 petition. Thus, he cannot claim that he "fairly presented" his Second Amendment challenge to any state court during his initial PCRA proceedings, nor can he claim that he received a decision on the merits.

Second, even if Rodriguez-Burgos *had* asserted an as-applied Second Amendment challenge in his June 2024 petition for allowance of appeal, that would not have properly exhausted his claim. As fully recounted above, Rodriguez-Burgos raised no such claim in the PCRA court or on appeal to the Superior Court, and thus the Supreme Court of Pennsylvania would not have addressed its merits under well-established waiver principles.[36]

---

[35] Doc. 10 at 4.

[36] *See Commonwealth v. Armolt*, 294 A.3d 364, 379 (Pa. 2023) (explaining that issues not raised in the trial court or in an appellant's Rule 1925(b) statement are waived (citing Pa. R. App. P. 1915(b)(4)(vii); Pa. R. App. P. 302(a))).

In sum, Rodriguez-Burgos's Second Amendment as-applied challenge is procedurally defaulted, and he has not alleged or established cause and prejudice to excuse that default. Nor has he alleged, much less proven, a "miscarriage of justice." Accordingly, his Section 2254 petition is unreviewable and must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Rodriguez-Burgos's unexhausted petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court likewise declines to issue a certificate of appealability, as Rodriguez-Burgos has failed to make a substantial showing of the denial of a constitutional right,[37] or that "jurists of reason would find it debatable" whether this Court's procedural ruling is correct.[38] An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[37] 28 U.S.C. § 2253(c)(2).
[38] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).